# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. BUSH,<br><br>         Petitioner,<br><br>v.<br><br>G. MATTESON, Warden, et al.,<br><br>         Respondents. | Case No.: 20cv0180 LAB (KSC)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION; DENYING IFP REQUEST AS MOOT; DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

  Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 1995 conviction in San Diego County Superior Court case number SCD108063. (ECF No. 1 at 1.) Petitioner has also filed a request to proceed in forma pauperis ("IFP"), (see ECF No. 2), which the Court denies as moot because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as discussed below.

## **PETITION BARRED BY GATEKEEPER PROVISION**

  The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his 1995 conviction in San Diego County Superior Court case number SCD108063. On January 25, 2001, Petitioner filed in this Court a Petition for a Writ of Habeas Corpus challenging this same conviction. (See ECF No. 1 in

1

| | |
|---|---|
| 1 | S.D. Cal. Civil Case No. 01cv0142 BEN (NLS).)  On November 27, 2002, this Court |
| 2 | denied the petition on the merits.  (See ECF No. 32 in S.D. Cal. Civil Case No. 01cv0142 |
| 3 | BEN (NLS).)  On February 29, 2008, the Ninth Circuit reversed in part and affirmed in |
| 4 | part the denial of the petition and remanded for a hearing.  See Bush v. Pliler, et al., No. |
| 5 | 04-56348, 268 Fed.Appx. 577 (9th Cir. 2008).  On December 1, 2008, this Court held an |
| 6 | evidentiary hearing, and on March 3, 2009, this Court denied the petition on the merits. |
| 7 | (See ECF Nos. 82, 90 in S.D. Cal. Civil Case No. 01cv0142 BEN (NLS).)  Petitioner |
| 8 | appealed, and on February 16, 2011, the Ninth Circuit Court of Appeals affirmed the |
| 9 | district court decision denying habeas relief.  See Bush v. Pliler et al., No. 09-55465, 413 |
| 10 | Fed.Appx. 996 (9th Cir. 2011). |

On August 9, 2019, Petitioner again filed a Petition for a Writ of Habeas Corpus in this Court challenging this same conviction.  (See ECF No. 1 in S.D. Cal. Civil Case No. 19cv1508 CAB (NLS).)  On September 16, 2019, this Court dismissed the action without prejudice to Petitioner obtaining an Order from the Ninth Circuit Court of Appeals authorizing the filing and consideration of a successive petition.  (See ECF No. 2 at 2 in S.D. Cal. Civil Case No. 19cv1508 CAB (NLS).)

In the instant Petition, Petitioner again seeks to challenge his 1995 conviction and sentence.  (See ECF No. 1 at 1.)  Petitioner acknowledges that his is not his first federal petition for a writ of habeas corpus challenging this same conviction.  (See id. at 18.) "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (a petition is "second or successive" where the petitioner challenges "the same custody imposed by the same judgment of a state court" as in a prior petition.)  Even were Petitioner able to demonstrate that his petition falls within the statutory provisions allowing for permission to file a second or successive habeas petition, see 28 U.S.C. § 2244(b)(2)(A)-(B), Petitioner must still first obtain authorization from the Ninth Circuit Court of Appeals to file a petition in this Court.  See 28 U.S.C.

§ 2244(b)(3)(A); see also Morales v. Sherman, No. 17-56304, ___ F.3d ___, 2020 WL 486169, at *2 (9th Cir. Jan. 30, 2020) (per curiam) (recognizing that 28 U.S.C. § 2244(b)(3)(A) is "a provision that bars district courts from entertaining a second or successive petition unless its filing has first been authorized by the court of appeals.")

In the instant case, Petitioner did not check any box in the section of the petition form asking whether the Ninth Circuit Court of Appeals has granted permission to file a second or successive petition. (See ECF No. 1 at 18.) Petitioner offers nothing to show that he sought and received permission from the Ninth Circuit Court of Appeals to file the instant Petition.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal to the court of appeals "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," and is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A) and (c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, because Petitioner previously filed a petition challenging his 1995 conviction which was denied on the merits, and there is no indication Petitioner has received permission from the Ninth Circuit Court of Appeals to file a successive petition, the Court is not persuaded that Petitioner has shown "jurists of reason would find it debatable whether the district court was correct" in dismissing the instant petition for lack of authorization. See 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2253(c); Burton, 549 U.S. at 153; Slack, 529 U.S. at 484. Accordingly, the Court declines to issue a COA.

///

3

20cv0180 LAB (KSC)

# **CONCLUSION**

Because there is no indication that the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition, this Court cannot consider the Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this Court if he obtains the necessary order from the Ninth Circuit Court of Appeals and **DENIES** Petitioner's IFP request [ECF No. 2] as moot. The Court **DECLINES** to issue a COA. The Clerk of Court is directed to send Petitioner a blank Ninth Circuit Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 together with a copy of this Order.

**IT IS SO ORDERED.**

DATED: February 4, 2020

_____

**Hon. Larry Alan Burns**
Chief United States District Judge